UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

BAYOU SHORES SNF, LLC,

    Debtor.
_____/

Case No.: 8:14-bk-009521-MGW

FLORIDA AGENCY FOR HEALTH
CARE ADMINISTRATION, and THE
UNITED STATES OF AMERICA,
ON BEHALF OF THE SECRETARY
OF THE UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN SERVICES

    Appellants,
v.

Case No.: 8:14-cv-02816-T-30

BAYOU SHORES SNF, LLC,

    Appellee.
_____/

## JOINDER BY SYNOVUS BANK IN
## MOTION TO DISMISS CONSOLIDATED APPEALS AS MOOT

Synovus Bank ("Synovus"), a party in interest and creditor of the Appellee Bayou Shores, SNF, LLC ("Bayou Shores" or "Appellee"), files this joinder in the Appellee's Motion to Dismiss Appeal as Moot (Doc. No. 20) (the "Motion to Dismiss"), and respectfully states as follows in support of the Motion to Dismiss:

Synovus holds a security interest in substantially all of the real and personal property owned and leased by Appellee, including the nursing home facility as well as the proceeds of Appellee's operation thereof. The proceeds are the primary source of funds used to make payments on the loan made by Synovus to Appellee's landlord, 42nd Ave. South LLC (the

"Loan"). Synovus is, therefore, a third party directly impacted by Appellee's operations and performance of its obligations under its confirmed plan of reorganization, which operations and performance depend heavily on the Appellee's assumption of its Medicare and Medicaid provider agreements (the "Agreements"), as detailed in the Motion to Dismiss and numerous other papers and pleadings filed by Appellee in the underlying bankruptcy case.

As set forth in the Motion to Dismiss, one of the factors to be considered in determining mootness is "[w]hat effect would granting relief have on the interests of third parties not before the court?" *In re Citation Corp.*, 371 B.R. 518, 524 (N.D. Ala. 2007) (quoting *In re Club Associates*, 956 F.2d 1065, 1069, n. 11 (11th Cir. 1992). The interests of Synovus would be substantially harmed if the relief sought by Appellant is granted, as such relief would eliminate the ability of the Appellee to generate funds used to make payments on the Loan and substantially reduce value of the collateral securing the Loan.

Appellee has asserted that the essential and primary component of its plan of reorganization is the assumption of the Agreements, and that without them, Appellee would collapse as a going concern. Such a collapse would mean that the revenue stream used to make the payments due to Synovus under the Loan would cease, almost certainly resulting in a default under the Loan. The collapse of Appellee as a going concern would not only eliminate the source of current payments due under the Loan, it would also drastically reduce the value of the nursing home facility as a going concern, impairing the ability of Synovus to recover the balance of the Loan through its collateral.

Synovus and the other creditors and third parties have endured the Appellee's bankruptcy and are now engaged with the Appellee as a revitalized entity. In electing it's

court of action with respect to the Loan, Synovus has relied heavily on the fact that the bankruptcy court enjoined the termination of the Agreements, permitted their assumption, and confirmed the Appellant's bankruptcy plan. The relief sought by Appellants would undermine the substantial efforts of the Appellee, Synovus, and many other third parties to confirm and consummate the plan of reorganization in this case. Such relief would be "impractical, imprudent, and therefore inequitable", precisely the situation in which the principle of equitable mootness is meant to operate. *MAC Panel Co. v. Va. Panel Corp.,* 283 F.3d 622, 625 (4th Cir. 2002) ("[E]quitable mootness is a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable.").

Accordingly, Synovus respectfully joins in Appellee's motion to dismiss these consolidated appeals.

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
SunTrust Center
200 South Orange Avenue, Suite 2900
Post Office Box 1549 (32802)
Orlando, Florida 32801
Telephone: 407-422-6600
Facsimile: 407-841-0325

By: /s/ Zachary J. Bancroft
    Zachary J. Bancroft
    Florida Bar No. 0145068
    *zbancroft@bakerdonelson.com*

AND

3

Timothy M. Lupinacci
Alabama State Bar No. ASB-7626-I64T
Email: *tlupinacci@bakerdonelson.com*
Matthew M. Cahill
Alabama State Bar No. ASB-4087-E64C
Email: *mcahill@bakerdonelson.com*
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
420 North 20th St., Ste. 1400
Birmingham, AL 35203
Telephone: (205) 328-0480
Facsimile: (205) 322-8007

***Attorneys for Interested Party Synovus Bank***

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on January 30, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the following listed CM/ECF participants:

- **Denise E. Barnett**
  denise.barnett@usdoj.gov
- **Kirk Stuart Davis**
  kirk.davis@akerman.com,jo.grayson@akerman.com,travis.godwin@akerman.com
- **William Carroll Falkner, I**
  bfalkner@pinellascounty.org,falknewc@yahoo.com
- **Sean Flynn**
  sean.flynn2@usdoj.gov,laurie-ann.potter@usdoj.gov,TPADocket.mailbox@usdoj.gov,karen.pipas@usdoj.gov
- **Elizabeth A. Green**
  egreen@bakerlaw.com,orlbakerdocket@bakerlaw.com
- **Andrew V. Layden**
  alayden@bakerlaw.com,layden.andrew@gmail.com
- **Tiffany Deborah Payne**
  tpayne@bakerlaw.com,genriquez@bakerlaw.com,OrlBakerDocket@bakerlaw.com,egreen@bakerlaw.com,jdriggers@bakerlaw.com
- **Andrew T. Sheeran**
  sheerana@ahca.myflorida.com,Lesley.Smith@ahca.myflorida.com,Andrew.Sheeran@ahca.myflorida.com
- **Leslei G. Street**
  Leslei.Street@ahca.myflorida.com,Lesley.Smith@ahca.myflorida.com

I FURTHER CERTIFY that on January 30, 2015, I mailed the foregoing to the following non-CM/ECF participant:

Colleen Murphy Davis
United States Attorney
400 N. Tampa St., Ste. 3200
Tampa, FL 33602

/s/ Zachary J. Bancroft
Zachary J. Bancroft