## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

**BAYOU SHORES SNF, LLC,**                    **Bankr. Case No.: 8:14-bk-009521-MGW**

      **Debtor.**

_____/

**FLORIDA AGENCY FOR HEALTH
CARE ADMINISTRATION, and THE
UNITED STATES OF AMERICA,**          **Case No.: 8:14-cv-02816-T-30 (Lead Case)**
**ON BEHALF OF THE SECRETARY**          **as consolidated with 8:14-cv-02617-T-30;**
**OF THE UNITED STATES DEPARTMENT**          **8:15-cv-00103-T-30 and 8:15-cv-00128-T-30**
**OF HEALTH AND HUMAN SERVICES**

      **Appellants,**

**v.**

**BAYOU SHORES SNF, LLC,**

      **Appellee.**

_____/

### MOTION OF APPELLEE, BAYOU SHORES, SNF, LLC, TO STRIKE
### AN EXHIBIT AND AN ARGUMENT PRESENTED
### FOR THE FIRST TIME IN THE REPLY BRIEF FILED BY THE
### UNITED STATES OF AMERICA, ON BEHALF OF THE SECRETARY OF THE
### UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES

      Appellee, Bayou Shores, SNF, LLC ("Bayou Shores") files this motion to strike an

exhibit and an argument presented for the first time by the United States of America, on behalf of

the Secretary of the United States Department of Health and Human Services ("HHS"), in its

Reply brief (Doc. No. 67) ("Reply") because HHS did not previously present the exhibit or the

argument to either the United States Bankruptcy Court for the Middle District of Florida, Tampa

Division ("Bankruptcy Court") or to this Court. Specifically, Bayou Shores moves to strike from

the Reply and from the record in this appeal: (i) Doc. No. 67-1 attached to the Reply; and (ii)

arguments in the Reply that the Bankruptcy Court invested Bayou Shores with "new rights that kept the governmental authorities from their duty to assist Bayou Shores' nursing home residents in relocating to other nursing homes" (Doc. No. 67, CM/ECF p. 13).  Bayou Shores further states as follows in support:

## FACTS AND ARGUMENT

1.      In the Reply, HHS impermissibly asserts a new argument that has never been presented in these consolidated appeals. HHS further offers a document for this Court's consideration that is not a part of the record on appeal and was not introduced into evidence during the litigation in the Bankruptcy Court. The document is also hearsay. Therefore, both HHS's new argument and the document it attaches to the Reply must be stricken from this appeal.

2.      First, HHS requests that this Court take "judicial notice" of an affidavit dated July 28, 2014 referencing a document purportedly published in the Tampa Bay Times on July 26, 2014 concerning the termination of Bayou Shores' Medicare and Medicaid Provider Agreements ("Provider Agreements"). However, because HHS did not introduce this document into evidence at any time during the litigation in the Bankruptcy Court or request the Bankruptcy Court to take judicial notice of this document (or any similar document), Doc. No. 67-1 must be stricken from the Reply and from the record in this appeal. Further, the person executing the affidavit has not been presented as a witness in any hearing in this case and was not made available for cross-examination.

3.      On August 26, 2014 (10 months ago) the Bankruptcy Court conducted a hearing to consider whether or not the Provider Agreements had terminated as of the date Bayou Shores commenced its Chapter 11 case, August 15, 2014 ("Petition Date").  The hearing was scheduled in connection with an emergency motion filed by Bayou Shores on August 21, 2014 (8:14-bk-

009521-MGW, Doc. No. 25) (the "Motion"). In the Motion, Bayou Shores explained that a condition precedent to termination, notice to the public, had not been satisfied and that for this and other reasons the Provider Agreements had not finally and irreversibly terminated as of the Petition Date.  As stated by Bayou Shores: "no public notice was provided to indicate that the termination of the Medicare agreement would occur as required by 42 C.F.R. § 488.456(c).[1] Consequently, the Medicare provider agreement was in effect on the Petition Date." (8:14-bk-009521-MGW, Doc. No. 25, p. 3).

4.     Clearly, the issue of whether or not the public received the notice required by 42 C.F.R. § 488.456(c) was squarely presented to the Bankruptcy Court ten [10] months ago. Yet, neither HHS nor the Florida Agency for Health Care Administration ("AHCA") introduced any such notice or any affidavit of notice into evidence in the Bankruptcy Court. The document attached to the Reply at Doc. No. 67-1 does not appear anywhere in the Bankruptcy Court's docket, nor did either HHS or AHCA furnish a copy to counsel for Bayou Shores. If the affidavit and notice were in existence on July 28, 2014, they certainly would have been available to be introduced into evidence in the Bankruptcy Court at the hearing on the Motion, which took place weeks later.

---

[1] As relevant, 42 C.F.R. § 488.456(c) governs termination of provider agreements and provides as follows:

**(c)** *Notice of termination.* Before terminating a provider agreement, CMS does and the State must notify the facility and the public—

**(1)** At least 2 calendar days before the effective date of termination for a facility with immediate jeopardy deficiencies; and

**(2)** At least 15 calendar days before the effective date of termination for a facility with non-immediate jeopardy deficiencies that constitute noncompliance.

(8:14-bk-009521-MGW, Doc. No. 25, p. 3) (footnote in original).

5.      Second, now for the first time, HHS argues that the Bankruptcy Court "invested" Bayou Shores with "new rights that kept the governmental authorities from their duty to assist Bayou Shores' nursing home residents in relocating to other nursing homes" (Doc. No. 67, CM/ECF p. 13). This argument is not identified as an issue and has not previously been made by HHS in this appeal.

## MEMORANDUM OF LAW

6.      A party is not permitted to offer new evidence in a reply brief. *Rispler v. Spitz*, 377 F. App'x 111, 113 (2d Cir. 2010) (Documents that were not filed in the court below cannot be considered) *citing Weinstock v. Columbia Univ.*, 224 F.3d 33, 46 (2d Cir. 2000) (finding that evidence submitted for the first time on appeal was "simply not part of the record" and "cannot be considered"); *Theriot v. Parish of Jefferson,* 185 F.3d 477, 491 n. 26 (5th Cir. 1999); (appellate court "may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the [trial] court at the time of the challenged ruling"); *In re Colorado Corp.,* 531 F.2d 463, 467 (10th Cir. 1976) (reviewing court must limit its review to matters properly before the bankruptcy judge at the time he entered the order).

7.      A District Court acting as an appellate court in a bankruptcy case can consider only evidence in the record which was presented to the Bankruptcy Court. *In re Bartlett,* 92 B.R. 142 (E.D.N.C. 1988); *In re Tiana Queen Motel, Inc.,* 34 B.R. 357, 361 (Bankr. S.D.N.Y. 1983); *In re Neshaminy Office Building Associates,* 62 B.R. 798, 802 (Bankr. E.D.Pa. 1986);  *In re Madera*, 586 F.3d 228, 233-34 (3d Cir. 2009) (affirming that District Court did not err in ignoring evidence not made a part of the appellate record by the bankruptcy court; "attaching a document to a brief does not make it part of the record") *citing In re Foust,* 52 F.3d 766, 768 (8th

Cir.1995) (holding that district court erred by supplementing the bankruptcy court's record with new evidence); *Matter of U. S. Fin., Inc.*, 594 F.2d 1275, 1281 (9th Cir. 1979).

8.      In order for new evidence to be considered, a party must establish good cause for the failure to incorporate the evidence into the record in the prior proceeding. *Otto v. Comm'r of Soc. Sec.,* 171 F. App'x 782, 785 (11th Cir. 2006); *e.g. Clark v. State of California*, 739 F. Supp. 2d 1168, 1223 n.14 (N.D. Cal. 2010) (refusing to consider new evidence when there was no explanation of why the evidence was not developed in a timely manner"). Here, HHS advanced *no* reason why it failed to timely supply the affidavit of notice dated July 28, 2014 to the Bankruptcy Court. As such, this Court must limit its review to matters before the Bankruptcy Court at the time of its ruling.

9.      The fact that HHS seeks to admit evidence by "judicial notice" does not alter this fact. See *Cartier, Inc. v. Sardell Jewelry, Inc.*, 294 F. App'x 615, 622 (2d Cir. 2008) (declining to take judicial notice of trademark registration where such was requested for the first time on appeal); *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 966 (9th Cir. 2011) (same); *Jespersen v. Harrah's Operating Co.,* 444 F.3d 1104, 1110 (9th Cir. 2006) (en banc) ("Our rules ... provide that a plaintiff may not cure her failure to present the trial court with facts sufficient to establish the validity of her claim by requesting that this court take judicial notice of such facts."); *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 1000 (9th Cir.2006) ("It is rarely appropriate for an appellate court to take judicial notice of facts that were not before the district court"); *Eagle-Picher Indus., Inc. v. Liberty Mut. Ins. Co.*, 682 F.2d 12, 23 (1st Cir. 1982) ("we may not ordinarily consider factual material not presented to the court below… [n]or will we reverse the district court on a ground not urged upon or considered by it, in the absence of exceptional circumstances not present here") (internal citations omitted); *Zell v. Jacoby-Bender,*

*Inc.,* 542 F.2d 34, 38 (7th Cir. 1976) (declining to take judicial notice of documents when no reason was advanced compelling a departure from the general rule that an appellate court will consider only the record before the trial court and where the documents evidenced no "new development").

10.     Furthermore, Doc. No. 67-1 is inadmissible hearsay; it attaches an affidavit that goes directly to the truth of the matter asserted regarding notice.   *Brooks v. Tri–Systems, Inc.,* 425 F.3d 1109, 1111 (8th Cir. 2005) (affidavit containing an out-of-court statement offered to prove the truth of the statement is inadmissible hearsay and may not be used). *United States v. Dibble,* 429 F.2d 598, 603 (9th Cir.1970) ("Inadmissible affidavits are no different from inadmissible evidence" and can be stricken). Ergo, Doc. No, 67-1 is inadmissible hearsay and must be stricken, particularly when the Bankruptcy Court was not requested to take judicial notice and Bayou Shores has had no opportunity to cross-examine the affiant.

11.     Finally, the Eleventh Circuit clearly prohibits the consideration of new arguments raised for the first time in a party's reply brief. *Sapuppo v. Allstate Floridian Ins. Co.,* 739 F.3d 678, 683 (11th Cir. 2014) *citing Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir.2008) ("[W]e do not address arguments raised for the first time [even] in a *pro se* litigant's reply brief."); *United States v. Levy,* 379 F.3d 1241, 1244 (11th Cir.2004) ("As for reply briefs, this Court follows this same rule and repeatedly has refused to consider issues raised for the first time in an appellant's reply brief."); *United States v. Coy,* 19 F.3d 629, 632 n. 7 (11th Cir.1994) ("Arguments raised for the first time in a reply brief are not properly before a reviewing court."); *see also*, *United States v. Dicter,* 198 F.3d 1284, 1289 (11th Cir.1999) (concluding that defendant "has waived" a claim because he raised it for the first time in his reply brief). Therefore, this Court cannot consider HHS's belated arguments that the Bankruptcy Court

invested Bayou Shores with any rights that kept the governmental authorities from relocating residents. If HHS wanted to present this argument to this Court for review it could have identified it as an issue on appeal. Instead, HHS has attempted to raise this argument in a manner that precludes any response from Bayou Shores which is clearly improper.

## <u>CERTIFICATE OF CONFERENCE</u>

12.     On May 27, 2015 the undersigned corresponded with counsel for HHS who advised that HHS does <u>not</u> consent to the relief requested herein.

WHEREFORE, Appellee, Bayou Shores, SNF, LLC, respectfully requests that this Court grant the instant motion and strike from HHS's Reply and from the record in this appeal: (i) Doc. No. 67-1 attached to the Reply; and (ii) arguments in the Reply that the Bankruptcy Court invested Bayou Shores with "new rights that kept the governmental authorities from their duty to assist Bayou Shores' nursing home residents in relocating to other nursing homes" (Doc. No. 67, CM/ECF p. 13) and any such other and further relief as may be necessary and just.

RESPECTFULLY SUBMITTED: May 28, 2015

> */s/ Tiffany D. Payne*_____
> ELIZABETH A. GREEN, ESQUIRE
> Florida Bar No.: 0600547
> Primary Email: egreen@bakerlaw.com
> Secondary Email: jdriggers@bakerlaw.com
>               orlbakerdocket@bakerlaw.com
> TIFFANY D. PAYNE, ESQUIRE
> Florida Bar No.: 0421448
> Primary Email: tpayne@bakerlaw.com
> Secondary Email: genriquez@bakerlaw.com
> **BAKER & HOSTETLER LLP**
> 200 S. Orange Ave.
> SunTrust Center, Suite 2300
> Orlando, Florida 32801-3432
> Telephone: (407) 649-4000
> Facsimile: (407) 841-0168
> *Attorneys for Debtor-Appellee*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 28, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the following listed CM/ECF participants:

- **Denise E. Barnett**
  denise.barnett@usdoj.gov

- **Kirk Stuart Davis**
  kirk.davis@akerman.com,jo.grayson@akerman.com,travis.godwin@akerman.com

- **William Carroll Falkner, I**
  bfalkner@pinellascounty.org,falknewc@yahoo.com

- **Sean Flynn**
  sean.flynn2@usdoj.gov,laurieann.potter@usdoj.gov,TPADocket.mailbox@usdoj.gov,
  karen.pipas@usdoj.gov

- **Elizabeth A. Green**
  egreen@bakerlaw.com, jdriggers@bakerlaw.com orlbakerdocket@bakerlaw.com

- **Andrew V. Layden**
  alayden@bakerlaw.com,layden.andrew@gmail.com

- **Tiffany Deborah Payne**
  tpayne@bakerlaw.com,genriquez@bakerlaw.com,OrlBakerDocket@bakerlaw.com

- **Andrew T. Sheeran**
  sheerana@ahca.myflorida.com,Lesley.Smith@ahca.myflorida.com,
  Andrew.Sheeran@ahca.myflorida.com

- **Leslei G. Street**
  Leslei.Street@ahca.myflorida.com,Lesley.Smith@ahca.myflorida.com

I FURTHER CERTIFY that on May 28, 2015, I served the foregoing via first class U.S. Mail, postage prepaid to the following non-CM/ECF participant:

Colleen Murphy Davis, Esq.
United States Attorney
400 N. Tampa St., Ste. 3200
Tampa, FL 33602.

*/s/ Tiffany D. Payne*
Tiffany D. Payne, Esq.

8

606422759.1