**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

In re:

BAYOU SHORES SNF, LLC,                        CASE NO: 8:14-bk-9521-MGW

    Debtor.
_____/

FLORIDA AGENCY FOR HEALTH CARE
ADMINISTRATION and THE UNITED         CASE NO: 8:14-cv-02816-T-30
STATES OF AMERICA, ON BEHALF           (Lead Case) as consolidated with
OF THE SECRETARY OF THE UNITED       8:14-cv-02617-T-30;
STATES DEPARTMENT OF HEALTH         8:15-cv-00103-T-30; and
AND HUMAN SERVICES,                         8:15-cv-00128-T-30

    Appellants,

v.

BAYOU SHORES SNF, LLC,

    Appellee.
_____/

# **ORDER**

THIS CAUSE comes before the Court upon Bayou Shores SNF, LLC's ("Bayou Shores") Emergency Renewed Motion for Further Stay Pending Appeal (Dkt. 89) and the Responses (Dkts. 93, 94) filed in opposition thereto. On October 26, 2015, the Court held an evidentiary hearing on Bayou Shores' motion. At the conclusion of the hearing, the Court granted the motion and stated its reasons for doing so. This Order explains that ruling in more detail.

**PROCEDURAL BACKGROUND**

On July 20, 2015, the Court entered its order (Dkt. 83), partially granting a motion for stay pending appeal filed by Bayou Shores and authorizing a ninety day stay; the Court noted in its order that Bayou Shores "may seek an additional stay directly from the Eleventh Circuit if it so chooses." Subsequently, Bayous Shores requested an additional stay from the Eleventh Circuit - the motion was denied. Bayous Shores then filed a motion for reconsideration before the Eleventh Circuit. On October 16, 2015, the Eleventh Circuit granted the request to the extent that the stay was extended until 5:00 p.m., on Monday, October 26, 2015. The Eleventh Circuit also stated that Bayou Shores was permitted to present a renewed motion for a stay before this Court, in light of what Bayou Shores characterized as "new evidence." The Eleventh Circuit "underscore[d]" that this Court was the appropriate fact-finder "(1) for considering, in the first instance, any alleged new evidence proferred [sic] by the parties and (2) for making any findings of fact for [the Eleventh Circuit] to review."

On October 26, 2015, this Court held an evidentiary hearing on Bayou Shores' renewed motion. The evidence relied upon in support of Bayou Shores' motion was admitted. The Court heard testimony from witnesses. And the evidence relied upon in support of the responses in opposition was admitted. After considering all of this evidence, the Court granted the stay during the pendency of the appeal.

## LEGAL STANDARD

The grant of an emergency motion to stay a district court's order pending appeal is "an exceptional response granted only upon a showing of four factors: 1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (citing *Jean v. Nelson*, 683 F.2d 1311, 1312 (11th Cir. 1982)). Although the first factor is typically the most important, it is less crucial when "the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay." *Id.* (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)).

## DISCUSSION

As the Court stated on the record at the October 26, 2015 hearing, it believes that its order, reversing the Bankruptcy Court for lack of jurisdiction, will be affirmed. However, whether 42 U.S.C. § 405(h) proscribes bankruptcy jurisdiction under 28 U.S.C. § 1334 is an issue of first impression for the Eleventh Circuit and upon which this Court and the Bankruptcy Court disagree. There is also disagreement on this issue among other circuit courts and lower courts.

In its renewed motion, Bayou Shores relies heavily on a recent case, *In re Nurses Registry and Home Health Corp.*, 533 B.R. 590 (Bankr. E.D. Ky. 2015). There, the court suggested that this Court went against the plain language of the statute with respect to the

jurisdictional issue. Essentially, the court applied the same analysis that Bayou Shores has advocated in this appeal. For the same reasons discussed in the Court's reversal order, it does not agree with the court's holding in *In re Nurses Registry and Home Health Corp.*; however, the Court must acknowledge the debate and that reasonable people could disagree. This is especially so since there is no binding authority on this issue. As such, whether Bayou Shores is likely to prevail on its appeal is not dispositive on the issue of whether a stay is appropriate, especially in light of the remaining factors, which weigh heavily in favor of a stay. The Court now turns to those factors and its findings of fact based on the evidence.

Bayou Shores presented ample evidence that absent a stay it and its patients, employees, and staff will suffer irreparable damage. The Court finds that if the stay is not continued, Bayou Shores will no longer be able to operate and will be forced to discharge its patients and terminate its staff. Notably, this evidence also relates to the public interest, an interest that is highly relevant here because it involves the patients and their family.

The Court heard testimony from Andrea Pankhurst, Bayou Shores' administrator. Pankhurst's duties include daily interaction with the patients. She is also responsible for initiating the transfer of any patient. During the initial ninety-day stay, Pankhurst called other facilities in order to determine alternative residences. If Bayou Shores ceases operations as a result of the stay being lifted, Pankhurst is responsible for signing a notice of transfer for each patient that specifies the effective date of the transfer and the location to which the resident is being discharged or transferred. She testified that about thirty-seven of Bayou

Shores' patients require a limited access unit in connection with their care; these patients exhibit active psychiatric behaviors and can be violent to themselves and others. Pankhurst identified only two facilities in the area that were appropriate for these patients - one facility had six open beds and the other had two open beds. The facilities required an admission process. This was inadequate to house these nearly thirty-seven patients that would need alternative residences in a facility with a limited access unit if Bayou Shores shut down as a result of the stay being lifted. The Court finds that, absent a stay, these high risk patients would be irreparably harmed because they require a skilled facility that can accommodate their needs. They also need stability and a daily routine that does not change.

The Court also finds that, as of this date, it is unrebutted that Bayou Shores is operating in substantial compliance with all applicable regulatory requirements. Its patients are receiving adequate care and do not want to leave the facility. Pankhurst testified that many of the patients' family members and/or guardians refused to transfer their loved ones despite the uncertainty of Bayou Shores' future because they are happy with Bayou Shores' care.

Finally, the Court finds that the Florida Agency for Health Care Administration ("AHCA") and the United States Department of Health and Human Services ("HHS") will suffer no harm, much less substantial harm, from a stay pending appeal. Medicare and Medicaid are required under both federal and state law to pay for the care of Bayou Shores'

patients regardless of where they reside, whether it be at Bayou Shores or at any other nursing home.

## CONCLUSION

Bayou Shores' appeal boils down to a jurisdictional issue - one that the Eleventh Circuit has not addressed to date. During the pendency of that appeal, Bayou Shores is faced with closing its operations and displacing its staff and patients if the Court does not grant its request for a stay. After considering the evidence, the Court finds that Bayou Shores has met its burden to establish a stay. There is certainly substantial evidence of irreparable harm - to Bayou Shores, its patients, the patients' family and guardians, and the public. In contrast, an additional stay will not harm AHCA or HHS.

As Bayou Shores noted, there is a significant factor of human dignity at issue here that this Court cannot ignore. Bayou Shores' patients are comfortable, they know the staff, they have the same routines, and they retain some dignity and independence from this comfort and familiarity. It would be draconian to disrupt their dignity based on a jurisdictional debate that has resulted in significant contrary opinions among the circuit courts and the lower courts.

It is therefore **ORDERED AND ADJUDGED** that:

1. Bayou Shores SNF, LLC's ("Bayou Shores") Emergency Renewed Motion for Further Stay Pending Appeal (Dkt. 89) is granted to the extent stated herein.

2. The Court's Reversal Order (Dkt. #72) is STAYED (with no bond required) until the Eleventh Circuit rules upon the merits of the issues on appeal.

3.  As stated on the record, Bayou Shores is hereby barred from accepting any new Medicare and/or Medicaid patients during the stay.

**DONE** and **ORDERED** in Tampa, Florida on October 27, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record